UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY GRACE DAGDAG,<br><br>          Plaintiff,<br><br>     v.<br><br>MERRILL GARDENS, LLC, et al.,<br><br>          Defendants. | Case No.  5:17-cv-01564-EJD<br><br>**ORDER TO SHOW CAUSE** |

Defendants Merrill Gardens, LLC; MG PEO, LLC; and Merrill Gardens at Campbell, LLC removed the instant action originally initiated by Plaintiff Mary Grace Dagdag in the Santa Clara County Superior Court on the basis of diversity jurisdiction.

As is its obligation, the court has reviewed the Notice of Removal and other relevant pleadings to determine whether Defendants have established a basis for subject matter jurisdiction. See Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.").  They have not.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of Am., 511 U.S. 375, 377 (1994).  "[S]ubject-matter jurisdiction refers to the courts statutory or constitutional power to adjudicate the case." Pistor v. Garcia, 791 F.3d 1104, 1110-11 (9th Cir. 2015) (internal quotations omitted).  Consistent with a federal court's limited jurisdiction,

1

Case No.: 5:17-cv-01564-EJD
ORDER TO SHOW CAUSE

"removal is permissible only where original jurisdiction exists at the time of removal." <u>Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach</u>, 523 U.S. 26, 43 (1998). "Where doubt regarding the right to removal exists, a case should be remanded to state court." <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003); <u>see</u> 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendants state in the Notice of Removal that this court has subject matter jurisdiction under 28 U.S.C. § 1332. "For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." <u>Kuntz v. Lamar Corp.</u>, 385 F.3d 1177, 1181 (9th Cir. 2004). Consequently, Defendants must "allege affirmatively the actual citizenship of the relevant parties." <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001); <u>accord</u> <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 342 n.3 (2006) (Because "federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction when it is challenged has the burden of establishing it.").

Here, Defendants claim that Plaintiff is a resident of California and that Defendants "are all incorporated in the State of Washington with their headquarters and principal place of business in the State of Washington." These statements are deficient. As to Plaintiff, Defendants must establish her state of domicile, not merely allege her state of residence. <u>See</u> <u>Kanter</u>, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). As to Defendants themselves, they cannot rely solely on their states of incorporation and principal places of business. Instead, they must establish the citizenships of each of their members because "an LLC is a citizen of every state of which its owners/members are citizens." <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006).

Because Defendants have not satisfied their obligation to affirmatively demonstrate federal subject matter jurisdiction, the court issues an order to show cause why this action should not be

2

Case No.: 5:17-cv-01564-EJD
ORDER TO SHOW CAUSE

remanded.  If Defendants do not, by **March 28, 2017**, file an amended Notice of Removal that establishes this court's jurisdiction in a manner consistent with the preceding discussion, the court will remand this action to Santa Clara County Superior Court.  See 28 U.S.C. § 1653.

No hearing will be held on the order to show cause unless otherwise ordered by the court.

**IT IS SO ORDERED.**

Dated:  March 23, 2017



EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-01564-EJD
ORDER TO SHOW CAUSE

3